# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00783-CV

**Phillip A. Dick, Appellant**

**v.**

**Derek Bateman and Travis County District Clerk, Criminal Division, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN503030, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Phillip A. Dick, *pro se*, brings this appeal from a take nothing summary judgment granted in favor of appellees Derek Bateman and Travis County District Clerk, Criminal Division. The suit alleged negligent misrepresentation on the part of appellees in the creation of the criminal records of Roosevelt Hutchins, Jr.—appellant's son.[1] We affirm.

On March 3, 1993, Roosevelt Hutchins, Jr. pleaded guilty to delivery of a simulated controlled substance in cause number 0930928. He was sentenced to six months in jail, but Travis County records show that he was released from Travis County Del Valle Correctional Facility at midnight on April 2, 1993. Police records show that on May 14, 1993, Hutchins was arrested for

---

[1] Appellant Phillip A. Dick is the mother of Roosevelt Hutchins, Jr. The record reflects that, while from time to time she signs her name "Mrs. Phillip A. Dick," the majority of her filings both in the district court and in this Court, including her notice of appeal and appellant's brief, as well as notarized affidavits are signed simply "Phillip A. Dick."

possession of cocaine.  In a September 1993 jury trial in cause number 0932821, Hutchins was convicted of possession of cocaine and sentenced to fifteen years' imprisonment.  In 1994, this Court affirmed his conviction in cause number 0932821. *See Hutchins v. State,* No. 03-93-00584-CR (Tex. App.—Austin October 26, 1994, no pet.) (per curiam).

In August 2005, Dick sued appellees for negligent misrepresentation in the creation of Hutchins's criminal records concerning his May 1993 arrest and conviction for cocaine possession.[2]  Dick alleged that Hutchins had never been released from Travis County Del Valle Correctional Facility on April 2, 1993, and that Bateman, an employee at the Travis County Criminal Justice Files, Records/Search Department, had created false records of the May 1993 arrest and conviction for cocaine possession as a way of keeping Hutchins in prison.  Dick sought $150 million in punitive damages as well as Hutchins's release from prison.

The appellees moved for summary judgment on several grounds, including that Dick lacked standing to sue concerning an alleged injury to her son, that the statute of limitations barred Dick's negligent misrepresentation claims, and that Dick had not produced any evidence supporting her claims of negligent misrepresentation.  On November 10, 2005, the trial court granted summary judgment in favor of appellees without stating a basis for the ruling.

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).  To prevail on a motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of

---

[2] Hutchins was a named plaintiff along with appellant in the trial court.  Because Hutchins did not file a notice of appeal in this case, he is not a party to this appeal. *See* Tex. R. App. P. 25.1.

law.  *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 217 (Tex. 2004) (citing Tex. R. Civ. P. 166a (c)).  Because the district court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review is meritorious.  *Id.*

Appellees asserted in their summary judgment motion that Dick lacked standing to sue for claims of negligent misrepresentation concerning her son's criminal file.  Standing is a prerequisite to the trial court's subject-matter jurisdiction.  *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993).  A person has standing if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the defendant's wrongful act; (2) he has a direct relationship between the alleged injury and the claim being adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused him some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own.  *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.).

In this case, Dick lacks standing to sue for injuries to Hutchins resulting from the alleged negligent misrepresentation concerning Hutchins's criminal records.  The record shows that Dick has not alleged that she has sustained any direct injury from the alleged negligent misrepresentation.  Instead, she alleged in her pleadings that "Plaintiff Hutchins is innocent locked away in Texas State Prison Hughes Unit for a crime Plaintiff Hutchins did not commit" as a result of Bateman's "falsifying criminal records, files, dates, and documents."  She also alleged that Hutchins has been subjected to racism and has received death threats while incarcerated.  These

claims, at most, allege injury to Hutchins.  Dick does not allege that she has sustained any injury, is in danger of sustaining any injury, has any relationship to the alleged injury and the claim to be adjudicated, has a personal stake in the controversy, or that she is an appropriate party to assert a public interest in this matter.  She does not allege the breach of any legal duty or injury with respect to her.  Dick lacks standing to prosecute the claims in this case.[3]  *See Nauslar,* 170 S.W.3d at 249.

      Affirmed.

_____

                            G. Alan Waldrop, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed

Filed:  September 8, 2006

_____

   [3] Dick also lacks standing to sue as a representative of Hutchins because, although Dick is the parent of Hutchins, Hutchins is of the age of majority and is not incapacitated or otherwise incapable of representing himself.  *See* Tex. R. Civ. P. 44.